UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY NGUYEN,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant. | Case No.: 16cv00391 JAH - DHB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND [Doc. No. 20]** |

      Pending before the Court is Plaintiff's motion for leave to file a second amended complaint. Defendant opposes the motion. For the reasons discussed below, the Court DENIES Plaintiff's motion for leave to amend.

## BACKGROUND

      Plaintiff originally filed a complaint on February 15, 2016, and filed a First Amended Complaint ("FAC") on July 26, 2016, seeking a refund of a tax return preparer penalty erroneously assessed under 26 U.S.C. section 6695(g). Plaintiff alleges the Internal Revenue Service ("IRS") assessed a penalty of $22,000 for 44 returns it contends violated the due diligence requirements of section 6695(g). Complaint ¶¶ 11-13. Plaintiff alleges he paid $500 for one of the "divisible" penalties. Id. ¶ 22. On August 9, 2016, Defendant filed a motion seeking to dismiss the causes of action involving the 43 penalties not paid by Plaintiff for lack of subject matter jurisdiction. Finding section 6695(g) penalties fall

outside the divisible tax exception, and, therefore, full payment must be made to obtain refund jurisdiction over the remaining 43 penalties, the Court granted the motion to dismiss and directed Plaintiff to identify the individual return that corresponded to the penalty he paid.

After Plaintiff failed to identify the return and took no action on the case for many months, the Court issued an order to show cause why the action should not be dismissed for his failure to comply with the Court's order directing him to identify the individual return and failure to prosecute the action. In response to the order to show cause, the parties filed a joint status report explaining Plaintiff made a $22,933.01 payment to the IRS for payment of the 43 penalties on April 25, 2017, and sent a claim for refund on April 26, 2017. Plaintiff also filed the pending motion for leave to amend. The Court vacated the order to show cause and set a briefing schedule and hearing date on Plaintiff's motion. Defendant filed an opposition on November 29, 2017. Plaintiff did not file a reply. Finding the matter suitable for disposition without oral argument, the Court vacated the hearing and took the motion under submission.

## DISCUSSION

**I. Legal Standard**

A party may amend a pleading once as a matter of course within 21 days after serving a pleading or 21 days after service of a responsive pleading or motion, and may otherwise amend by leave of court. Fed.R.Civ.P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. International Association of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genetech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

Even though leave to amend is generally granted freely, it is not granted automatically. See Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.

2002). Four factors are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. See DCD Programs, 833 F.2d at 186; see also Foman v. Davis, 371 U.S. 178, 182 (1962). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. See DCD Programs, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

## II. Analysis

Plaintiff seeks to amend his complaint to cure the issue of the Court's jurisdiction over all 44 alleged violations of section 6695(g). Plaintiff maintains he made a payment to the IRS, filed a second claim for refund on April 26, 2017, and more than six-months have passed with no action by the IRS.

Defendant argues the motion is futile as it will not provide the Court jurisdiction over the remaining 43 penalties in this action. Specifically, Defendant argues Plaintiff is required to file an administrative claim and pay the penalty prior to filing suit to confer subject matter jurisdiction.

Generally, subject matter jurisdiction is determined by the facts existing at the time the action is commenced. See Keene Corp. v. U.S., 508 U.S. 200, 203 (1993); Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380-81 (9th Cir. 1988). Jurisdiction cannot be created by amendment if the facts supporting jurisdiction did not exist at the outset. See Morongo Band of Mission Indians, 858 F.2d at 1381. In Northstar Financial Advisors, Inc. v. Schwab Investments, the Ninth Circuit found the rule in Morongo "is more nuanced than the inflexibility suggested by its language" and determined it does not extend to supplemental pleadings filed pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. 779 F.3d 1036, 1046 (9th Cir. 2015).

Here, Plaintiff is not seeking to supplement his pleading but amend his pleading based upon events occurring after the date of the commencement of this action, namely his payment of the penalty and filing of an administrative claim. Actions for the refund of a tax requires the payment of the entire tax prior to filing suit. See Flora v. U.S., 362 U.S. 145, 150-51 (1960). As such, Plaintiff's attempt to amend to cure the jurisdictional defect is futile.

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion to for leave to file a second amended complaint is **DENIED**;

2. Plaintiff shall identify the individual return corresponding to the penalty that he paid prior to commencing this action **on or before February 1, 2018.**

Dated: January 18, 2017

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

4

16cv00391 JAH - DHB