UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY NGUYEN,<br><br>                             Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                             Defendant. | Case No.: 16-cv-00391-JAH (RNB)<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

    IT IS HEREBY ORDERED that an Early Neutral Evaluation Conference will be held on **June 26, 2018** at **9:30 a.m.** before the Honorable Robert N. Block. The Conference will be conducted in the chambers of the Honorable Robert N. Block, United States Magistrate Judge, U.S. Courthouse, 333 West Broadway, Suite 1080, San Diego, California.

    Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, **all named parties, all trial counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference,** shall be prepared to discuss the claims and defenses, and shall be legally and factually prepared to discuss and resolve the case at the Early Neutral Evaluation Conference. The individual(s) present at the Early Neutral Evaluation Conference with settlement authority must have the unfettered discretion and authority on

behalf of the party to: (1) fully explore all settlement options and to agree during the Early Neutral Evaluation Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), (2) change the settlement position of a party during the course of the Early Neutral Evaluation Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and (3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

Governmental entities may appear through litigation counsel only. As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any trial counsel, party or authorized person to appear at the Early Neutral Evaluation Conference as required will be cause for the imposition of sanctions.**

All conference discussions will be informal, off the record, privileged, and confidential.

Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

**At least seven (7) days prior to the ENE Conference**, the parties shall submit confidential ENE Statements directly to chambers. **The statements shall be no longer than five (5) pages in length**. The ENE Statements shall outline the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of the case. The ENE Statements should be e-mailed to: **efile_Block@casd.uscourts.gov**.

Rule 26 of the Federal Rules of Civil Procedure shall apply to this case. All discovery shall be stayed until after the Rule 26(f) conference, unless otherwise permitted by Rule 26(d)(1).

In the event the case does not settle at the ENE Conference, the Court shall hold a Case Management Conference at the conclusion of the conference. Accordingly, the parties shall meet and confer pursuant to Rule 26(f) no later than **14 days before the ENE**

2

16-cv-00391-JAH (RNB)

**Conference** and be prepared to discuss their proposed Joint Discovery Plan during the CMC. A Scheduling Order will issue following the conference which will include a Rule 26(a)(1) initial disclosure deadline.

A proposed Joint Discovery Plan shall be submitted directly to chambers **at least seven (7) days prior to the ENE Conference**. The proposed Joint Discovery Plan should be e-mailed to: **efile_Block@casd.uscourts.gov**.

The proposed Joint Discovery Plan should be one document and must explicitly cover the parties' views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). The proposed Joint Discovery Plan should also specifically address:

1. Whether there is limited discovery that may enable each party to make a reasonable settlement evaluation such as the deposition of plaintiff, defendant, or key witnesses, and the exchange of a few pertinent documents;
2. Issues regarding preservation of electronically stored information (ESI) and the procedure the parties plan to use regarding production of such information, including methods to minimize delay and expense of ESI through de-duplication, sampling, or other means;
3. The procedure the parties plan to use regarding claims of privilege, including whether an order under Fed. R. Evid. 502(d) will be sought; and
4. Whether a protective order will be sought and whether any issues are anticipated regarding the protective order.

In cases involving significant document production and electronic discovery, the parties must also include the process and procedure for "claw back" and/or "quick peek" agreements as contemplated by Fed. R. Evid. 502(d). The parties should also address whether an order providing for protection under Rule 502(e) is needed.

Agreements made in the proposed Joint Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Scheduling Order, unless otherwise modified by the Court.

3

16-cv-00391-JAH (RNB)

Plaintiff's(s') counsel shall give notice of the Early Neutral Evaluation Conference to parties responding to the complaint after the date of this notice.

Early Neutral Evaluation Conferences will be rescheduled only upon a showing of good cause and adequate notice to the Court. If counsel wish to reschedule this conference, counsel for <u>all parties</u> shall <u>jointly</u> contact the Court. The Court reminds counsel and parties that conferences held beyond 45 days of the filing of an answer are contrary to Rule 16.1(c) of the Civil Local Rules, and are seriously disfavored by the Court.

Questions regarding this case may be directed to Judge Block's law clerk at (619) 557-5383.[1]

IT IS SO ORDERED.

Dated: May 21, 2018

ROBERT N. BLOCK
United States Magistrate Judge

---

[1] Judge Block's Chambers Rules are posted on the Court's website: www.casd.uscourts.gov.



*United States District Court*
*Southern District Of California*
*U.S. Courthouse Annex*
*333 West Broadway, Suite 1080*
*San Diego, California 92101*

*Robert N. Block*  *(619) 557-5383*
*United States Magistrate Judge*  *Facsimile: (619) 702-9925*

NOTICE OF RIGHT TO CONSENT TO TRIAL
BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this District may, upon the consent of all parties on form1a (available in the clerk's office), conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment. Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent. If both parties consent, the executed consent form (signed by all parties) should be submitted to the Clerk of Court.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court. Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of the U.S. Magistrate Judges are appealable only to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.


5

16-cv-00391-JAH (RNB)
